# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eloy Silva-Guadarrama, | No. CV-26-05368-PHX-JEM |
| Petitioner, | |
| v. | **ORDER** |
| Todd Blanche, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)  The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5.)  In the Response, Respondents state: "Respondents do not oppose Petitioner's request for a bond hearing at this time." (Doc. 8.)  The Court accepts this concession as non-opposition to granting the Petition in part and granting a bond hearing.[1]

---

[1] Although Petitioner seeks outright release, the Court finds that such relief is not proper here.  Section 1226(a), 8 U.S.C., which is the appropriate statute governing Petitioner's detention, states:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General--

(1) may continue to detain the arrested alien; and

(2) may release the alien on--

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

**IT IS ORDERED:**

(1)    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as described herein.

(2)    Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

(3)    Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing.

(4)    Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 11th day of August, 2026.



_____
James E. Marner
United States Magistrate Judge

---

(B) conditional parole[.]

As such, § 1226(a) permits, but does not mandate, Petitioner's release and had Petitioner been detained under § 1226(a) from the outset, he might still be detained pending the outcome of a bond hearing. Accordingly, the appropriate remedy in this case is grant of a bond hearing.